IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CORRIE SINGLETON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 09-cv-062-JPG |
| | ) | |
| SARGEANT EVELSIZER, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, an inmate at the Stateville Correctional Center, this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. ___, 2009 WL 1361536, *13 (May 18, 2009). Upon careful review of the complaint and the supporting exhibits, the Court finds that no claim in the original complaint may dismissed at this point in the litigation.

## THE COMPLAINT

The Plaintiff alleges that while in segregation, he requested to speak to a sergeant or a lieutenant about an outstanding warrant that had recently come to his attention. The officers refused to address his request, and so when they came by to collect trash after a meal, the Plaintiff stuck his leg out of the chuck hole in order to force the officers to address his complaint. The officers then told him to put his leg back in his cell. The officers then called Defendant Sgt. Evelsizer, who told the Plaintiff one more time to pull his leg back into his cell. The Defendant then took the Plaintiff's leg and pushed it against the side of the chuck hole. The Plaintiff alleges this broke his leg. The Plaintiff then requested medical attention. He alleges he was forced to hop on one leg to the infirmary for medical attention and then all the way back to segregation. In the complaint, Plaintiff expressly states that he has not exhausted his administrative remedies.

## DISCUSSION

Petitioner may not pursue his § 1983 claims in federal court until after he has exhausted his available remedies. *See* 42 U.S.C. § 1997e(a). Although failure to exhaust administrative remedies is usually an affirmative defense when, as here, it is clear from the face of the complaint that Plaintiff has not exhausted his available remedies, the complaint fails to state a claim upon which relief may be granted. *Jones v. Bock*, 549 U.S. 199, 214-215 (2007).

## DISPOSITION

In sum, Plaintiff's complaint does not survive review under 28 U.S.C. § 1915A. Therefore, **IT IS HEREBY ORDERED** that the Petitioner's complaint is **DISMISSED** without prejudice. All pending motions are **DENIED** as moot.

**IT IS SO ORDERED.**

**Dated: July 1, 2009.**

        s/ J. Phil Gilbert
        **U. S. District Judge**